# STATE FARM FIRE AND CASUALTY COMPANY v MARKS

## Case No. AP 89-4753 "AY"

Fifteenth Judicial Circuit, Palm Beach County

June 13, 1990

### APPEARANCES OF COUNSEL

**Cheryl A. Kaplan, Esquire,** Powers & McNalis, for appellant.

**Andrew Helgesan, Esquire,** Harrison, Kukey & Helgesan, P.A., for appellee.

Before COOK, RODGERS, FINE, JJ.

### OPINION OF THE COURT

Jack H. Cook, Presiding Judge Appellate Panel "AY"

BY ORDER OF THE COURT:

State Farm Fire and Casualty Company appeals a Final Judgment of the County Court finding that the language of its insurance policy is ambiguous and ordering that it pay the Appellees, Steven Marks and Shelly Marks, the replacement value of certain stolen property. We find

that the language is not ambiguous and that the Marks, not having replaced their lost property, are entitled only to the actual cash value of the property at the time of the loss.

The Marks sustained two losses of property due to theft on June 24, 1986 and May 17, 1987. They made a claim for the losses under their homeowners policy with State Farm and were paid the actual cash value of the items stolen. The Marks demanded payment for the full replacement cost for the items stolen, although they did not actually replace the stolen goods.

The State Farm policy contains the following provisions under the "loss settlement" clause:

"3. Loss Settlement. Covered property losses are settled as follows:

a. (1) The following personal property at actual cash value at the time of loss: (items omitted)

b. Other personal property and carpeting, domestic appliances, awnings and outdoor antennas whether or not attached to buildings at replacement cost without deduction for appreciation, subject to the following:

(1) We will pay the cost of repair or replacement but not exceeding the smallest of the following amounts:

(a) replacement cost at time of loss;

(b) the full cost of repair;

(c) any special limit of liability described in the policy; or

(d) any applicable Coverage A or Coverage B limit of liability.

(2) Loss to property not repaired or replaced within one year after the loss will be settled on an actual cash value basis."

The parties agree that if this language is not ambiguous, State Farm should prevail, but if the language is ambiguous, it must be strictly construed in favor of coverage. We find that this language is not ambiguous. The contract clearly states that the agreement to pay the replacement costs for "other personal property" (the category describing the stolen property) is subject to the insured replacing the property within one year after the loss. If the insured does not replace the property, then the contract provides it will be settled on an actual cash basis.

The cases construing this type of replacement cost provision are collected generally at Annotation, *Construction and Effect of Provision of Property Insurance Policy Permitting Recovery of Replacement Cost*

*of Property, in Excess of Actual Cash Value,* 66 A.L.R. 3d 871 (1970) and are in accord that such provisions are not ambiguous and will be enforced according to their terms. The primary case which could be relied upon by the appellee is *Reese v Northern Insurance Company,* 215 A.2d 266 (Pa. 1965). However, in *Reese* the policy did not contain an express provision that the replacement costs would not be paid unless the items were actually replaced. The lack of such language distinguishes *Reese* from the other cases collected in the A.L.R. citation and from this case.

Accordingly, we reverse the judgment below and order that a final judgment be entered for the defendant.

Judges Rodgers and Fine concur.